**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY LEINERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:14-cv-01719 - CEJ |
| | ) | |
| SAINT LOUIS COUNTY, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**BY DEFENDANTS ST. LOUIS COUNTY, MISSOURI, JON BELMAR, ADAM**
**KAVANAUGH, AND AMY MEYER**

Comes now, Defendants St. Louis County, Missouri, Jon Belmar, Adam Kavanaugh, and

Amy Meyer, through undersigned counsel, and for said Defendants' answer to Plaintiffs' First

Amended Complaint, state that they:

**OVERVIEW**

1. Deny the allegations contained in paragraph 1.

2. Deny the allegations contained in paragraph 2.

3. Deny the allegations contained in paragraph 3.

4. Deny the allegations contained in paragraph 4. Further answering, on or about July
   31, 2014, a properly obtained search warrant was properly executed.

5. Deny the allegations contained in paragraph 5.

6. Deny the allegations contained in paragraph 6.

7. Admit, upon information and belief, Plaintiff Kelly Leinert is approximately 52 years
   old, and is approximately 4'11" tall. Defendants lack sufficient information to form a
   belief as to the truth of the remaining allegations in paragraph 7, and so deny them.

1

8. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 8, and so deny them.

9. Admit, upon information and belief, that Plaintiff G.L. is approximately 5'8" tall and weighs approximately 120 pounds. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 9, and so deny them.

10. Admit, upon information and belief, that Plaintiff J.L. is approximately 4'11" tall and weighs approximately 80 pounds. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10, and so deny them.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Assert that paragraph 13 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

14. Assert that the first sentence of paragraph 14 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, denies same. Admit the second sentence of paragraph 14.

15. Assert that paragraph 15 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

16. Deny the allegations in paragraph 16.

17. Assert that the first sentence of paragraph 17 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same. Admit the second sentence of paragraph 17.

18. Admit that Defendant Meyer was the lead detective regarding the investigation and search warrant execution, and acted in the scope and course of her employment with

the St. Louis County Police Department and St. Louis County, deny all remaining allegations.

19.  Assert that the first sentence of paragraph 19 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.  Admit the second sentence of paragraph 19.

20. Deny the allegations in the first and third sentences of paragraph 20.  Assert that the second sentence of paragraph 20 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

21.  Deny the allegations in the first and third sentences of paragraph 21.  Assert that the second sentence of paragraph 21 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

22.  Admit the allegations in paragraph 22.

## JURISDICTION AND VENUE

23.  Assert that paragraph 23 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

24.  Assert that paragraph 23 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

25.  Assert that the first sentence of paragraph 25 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.  Lack sufficient information to form a belief as to the truth of the second sentence in paragraph 25, and so deny same.

## ALLEGATIONS COMMON TO ALL CLAIMS

26. Admit that Defendant Kavanaugh provided Defendant Meyer with information involving the crime of Promotion of Child Pornography on July 28, 2014, and admit Defendant Kavanaugh received said information from the St. Louis Police Department, deny all remaining allegations in paragraph 26.

27. Admit that Defendant Kavanaugh provided Defendant Meyer with information involving the crime of Promotion of Child Pornography on July 28, 2014, and admit Defendant Kavanaugh received said information from the St. Louis Police Department, deny all remaining allegations in paragraph 26.

28. Admit that certain documents revealed child pornographic materials were downloaded at Plaintiff Kelly Leinert's residence and that the St. Louis Police Department provided said documents to Defendant Kavanaugh, deny the remaining allegations in paragraph 28.

29. Upon information and belief, admit that certain documents which revealed that child pornographic materials were downloaded at Plaintiff Kelly Leinert's residence and that the St. Louis Police Department conducted said investigation, in part, on or about January 10, 2014, and that said documents were provided to Defendant Kavanaugh. Admit the IP address that child pornographic material was downloaded through was an account assigned to Plaintiff Kelly Leinert. Deny all remaining allegations in paragraph 29.

30. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 30, and so deny them.

31. Deny the allegations in paragraph 31.

32. Deny the allegations in paragraph 32.

33. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 33, and so deny them.

34. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 34, and so deny them.

35. Deny the allegations in paragraph 35.

36. Admit that prior to applying for a search warrant, Defendant Meyer, *inter alia*, reviewed documents from the St. Louis Police Department, determined the name of the person paying the utility bill, and conducted a "drive-by" of Plaintiffs' residence. Deny all remaining allegations in paragraph 36.

37. Admit Defendant Meyer properly obtained a valid search warrant signed by Judge Joseph S. Dueker on July 30, 2014, deny all remaining allegations in paragraph 37.

38. Deny the allegations in paragraph 38.

39. Deny the allegations in paragraph 39.

### A. "St. Louis County's Facially Unconstitutional, Express Policy of Employing Its SWAT Team to Execute "All" Search Warrants"

40. Admit that FAC Exhibit 1 purports to be a print out of a portion of Defendant St. Louis County's website, and that said exhibit makes references to the St. Louis County Police Department's Tactical Operations Unit, and that said document speaks for itself. Defendants deny all remaining allegations in paragraph 40.

41. Admit that FAC Exhibit 1 speaks for itself, deny all remaining allegations in paragraph 41.

42. Assert that paragraph 42 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

43. Assert that paragraph 43 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

44. Assert that paragraph 44 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

45. Assert that paragraph 45 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

**B. "St. Louis County's Unconstitutional Custom and Practice of Using Excessive Levels of Force to Serve Search Warrants"**

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47, including its subparts.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

**C. "Defendants' Failure to Adequately Investigate the Premises Prior To The Raid"**

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Admit the allegations in paragraph 52.

53. Admit that FAC – Exhibit 3, purportedly the Incident Report, lists a date of January 10, 2014 under the section "Occurrence Details", deny all remaining allegations in paragraph 53.

54. Admit that January 10, 2014 is approximately eight months prior to the date of the search warrant execution, July 31, 2014, deny all remaining allegations in paragraph 54.

55.  Admit the warrant and incident report does not name any persons who were, or may have been, inside the subject residence, deny all remaining allegations in paragraph 55.

56.  Admit that Exhibit 1 speaks for itself, deny all remaining allegations in paragraph 56.

57.  Deny the allegations in paragraph 57.

58.  Deny the allegations in paragraph 58.

59.  Admit that Defendant Meyer advised Plaintiff Kelly Leinert she did not know who lived at the residence, or who was present at the house before executing the search warrant.  Deny all remaining allegations in paragraph 59.

### "D. Defendants Mass Their Forces in Preparation for the Raid"

60.  Admit that in preparing for the proper execution of the valid search warrant, at approximately 7 p.m. on July 31, 2014, St. Louis County Police Officers gathered in a parking lot at or near the Webster Groves Recreation Complex, deny all remaining allegations in paragraph 60.

61.  Admit at least fifteen officers were present, deny all remaining allegations in paragraph 61.

62.  Admit that all officers were appropriately dressed, armed and supplied to execute a valid search warrant.  Admit some officers wore body armor, boots, gloves, fatigues, protective helmets with visors, and carried various appropriate weapons.  Deny all remaining allegations in paragraph 62.

63.  Deny the allegations in paragraph 63, as Defendants lack sufficient knowledge or information regarding the term "militarized officers" and the lack of an alleged time reference and location.

64. Deny the allegations in paragraph 64.

65. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 65, and so deny them.

66. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 66, and so deny them.

67. Admit that in preparing for the proper execution of the valid search warrant, at approximately 7:30-7:45 p.m. on July 31, 2014, police officers gathered, and some of those officers were transported by a black van, deny all remaining allegations in paragraph 67.

68. Deny the presence or use of an "APC", admit a black van was used, admit remaining allegations in paragraph 68.

**"E. Defendants' Storming and Ransacking of the Leinert Residence"**

69. Admit that at approximately 8 p.m. on July 31, 2014, police officers parked a black van several houses from the Leinert residence, deny all remaining allegations in paragraph 69.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Deny that any tactical operations officers were marching, lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 74, and so deny them.

75. Deny the allegations in paragraph 75.

76. Admit that Tactical Operations officers were at the front of the Leinert residence, deny all remaining allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny that a door was kicked in, lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 78, and so deny them.

79. Deny that an announcement was not made, deny forcible entry, lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 79, and so deny them.

80. Deny the allegations in paragraph 80.

81. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 81, and so deny them.

82. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 82, and so deny them.

83. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 83, and so deny them.

84. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 84, and so deny them.

85. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 85, and so deny them.

86. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 86, and so deny them.

87. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 87, and so deny them.

88. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 88, and so deny them.

89. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 89, and so deny them.

90. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 90, and so deny them.

91. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 91, and so deny them.

92. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 92, and so deny them.

93. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 93, and so deny them.

94. Admit that Plaintiff G.L. and Plaintiff J.L. were not read Miranda rights, deny all remaining allegations in paragraph 94.

95. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 95, and so deny them.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

### "F. The SWAT Teams' Inconspicuous Exit From the Residence"

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

102.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 102, and so deny them.

103.    Deny the allegations in paragraph 103.

104.    Admit a police van drove away from the Leinert's residence, deny all remaining allegations in paragraph 104.

105.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 105, and so deny them.

106.    Deny the allegations in paragraph 106.

107.    Admit the allegations in paragraph 107.

### "G. The Continuation of the Leinert Family's Ordeal"

108.    Admit the allegations in paragraph 108.

109.    Admit the allegations in paragraph 109.

110.    Admit that certain officers monitored Plaintiffs GL and JL, deny all remaining allegations in paragraph 110.

111.    Admit that some officers wore body armor, and that an officer possessed a camera and may have sat at a table, deny all remaining allegations in paragraph 111.

112.    Admit that an officer took photographs of various portions of the house pursuant to the valid search warrant, deny all remaining allegations in paragraph 112.

113.    Admit that at certain times Defendant Meyer was in the living room of the residence being searched, deny all remaining allegations in paragraph 113.

114.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 114, and so deny them.

115.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 115, and so deny them.

116.    Admit that various electronic devices were seized as evidence, deny all remaining allegations in paragraph 116.

117.    Deny the allegations in paragraph 117.

118.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 118, and so deny them.

119.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 119, and so deny them.

120.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 120, and so deny them.

121.    Admit that Defendant Meyer used Plaintiff J.L.'s cell phone to contact Plaintiff Kelly Leinert and that said cell phone was evidence, deny all remaining allegations.

122.    Admit that Plaintiff J.L. told Plaintiff Kelly Leinert that he had been scared, and asked her to come home, deny all remaining allegations in paragraph 122.

123.    Admit that Defendant Meyer advised Plaintiff Kelly Leinert over the telephone to come to the residence, that Plaintiff Kelly Leinert stated she was on her way, and that she arrived at the residence approximately 7 to 15 minutes after the telephone call ended, deny all remaining allegations in paragraph 123.

124.    Admit the allegations in paragraph 124.

125.    Lack sufficient information to form a belief as to the truth of the allegations in paragraph 125, and so deny them.

126.    Deny the allegations in paragraph 126.

127.    Deny the allegations in paragraph 127.

128.    Deny the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129.

130.    Deny the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131.

132.    Admit that Defendant Kavanaugh directed Detective Adams to arrest Plaintiff

Kelly Leinert, and that Detective Adams took several steps toward said Plaintiff, deny

all remaining allegations in paragraph 132.

133.    Admit that Plaintiff J.L. asked officers not to arrest his mom, deny all remaining

allegations in paragraph 133.

134.    Deny the allegations in paragraph 134.

135.    Deny the allegations in paragraph 135.

136.    Admit that Plaintiff Kelly Leinert was not read Miranda rights, deny all remaining

allegations in paragraph 136.

137.    Admit speaking to Plaintiff Kelly Leinert and leaving the residence at

approximately 9:15 p.m., deny all remaining allegations in paragraph 137.

138.    Admit that various electronic devices and disks were seized pursuant to a properly

executed valid search warrant for child pornographic materials.  Admit that a properly

completed and legible inventory and return was handed to Plaintiff Kelly Leinert.

Deny all remaining allegations in paragraph 138.

**"H. The Tragic Aftermath of Defendants' Improper Conduct"**

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 141, and so deny them.

142. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 142, and so deny them.

143. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 143, and so deny them.

144. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 144, and so deny them.

145. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 145, and so deny them.

146. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 146, and so deny them.

147. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 147, and so deny them.

148. Admit that Plaintiff Kelly Leinert's counsel has requested or demanded the return of certain electronic devices, deny all remaining allegations in paragraph 148.

149. Deny the allegations in paragraph 149.

150. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 150, and so deny them.

151. Assert that paragraph 151 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

152. Lack sufficient information to form a belief as to the truth of the allegations in paragraph 152, and so deny them.

153. Deny the allegations in paragraph 153.

154. Deny the allegations in paragraph 154.

155. Deny the allegations in paragraph 155.

## COUNT I
**(Violation of the Fourth and Fifth Amendments of the Constitution;
Deprivation of Civil Rights, 42 U.S.C. Sec. 1983)
(Against All Defendants)**

156. Incorporate by reference all responses to each preceding paragraph as if fully set forth herein.

157. Deny the allegations in paragraph 157.

158. Deny the allegations in paragraph 158, including its subparts.

159. Deny the allegations in paragraph 159.

160. Deny the allegations in paragraph 160, including its subparts.

161. Deny the allegations in paragraph 161, including its subparts.

162. Deny the allegations in paragraph 162.

163. Deny the allegations in paragraph 163.

## COUNT II
**"(Failure to Competently Hire, Train, Supervise
and\or Discipline – 42 U.S.C. Sec. 1983)
(Against the County, Jon Belmar, and Adam Kavanaugh)"**

164. Incorporate by reference all responses to each preceding paragraph as if fully set forth herein. For purposes of this Count II, Defendants County, Belmar, and Kavanaugh state that they:

165. Deny the allegations in paragraph 165.

166. Deny the allegations in paragraph 166.

167. Deny the allegations in paragraph 167.

168.    Deny the allegations in paragraph 168.

## COUNT III
**(*Monell* Claim for Having Policies
That Encourage Excessive Use of Force and Unreasonable
Search and Seizure Practices in Violation of the Fourth Amendment – 42 U.S.C. Sec. 1983)
(Against the County, Jon Belmar, and Adam Kavanaugh)**

169.    Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count III, Defendants County, Belmar, and

Kavanaugh state that they:

170.    Deny the allegations in paragraph 170, and all its subparts.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in paragraph 174.

## COUNT IV
**"(Intentional Infliction of Emotional Distress Under Missouri State Law)
(Against Meyer, Kavanaugh, and John or Jane Doe Officers and\or SWAT Team
Members)"**

175.    Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count IV, Defendants Meyer and Kavanaugh state

that they:

176.    Deny the allegations in paragraph 176.

177.    Deny the allegations in paragraph 177.

178.    Deny the allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

180.    Deny the allegations in paragraph 180.

## COUNT V
**"(Negligent Infliction of Emotional Distress Under Missouri State Law)**
**(Against Meyer, Kavanaugh and John or Jane Doe Officers and/or SWAT Team**
**Members)"**

181.    Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count V, Defendants Meyer and Kavanaugh state

that they:

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

## COUNT VI
**(Assault and Battery Under Missouri State Law)**
**(Against Kavanaugh and Certain Other Officers And SWAT Team Members)**

184.    Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count VI, Defendant Kavanaugh states that he:

185.    Denies the allegations in paragraph 185.

186.    Denies the allegations in paragraph 186.

187.    Denies the allegations in paragraph 187.

188.    Denies the allegations in paragraph 188.

189.    Denies the allegations in paragraph 189.

190.    Denies the allegations in paragraph 190.

191.    Denies the allegations in paragraph 191.

## COUNT VII
**(False Imprisonment Under Missouri Law)**
**(Against Meyer, Kavanaugh and Certain Other Officers and SWAT Team Members)**

192.    Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count VII, Defendants Meyer and Kavanaugh state

that they:

193.     Deny the allegations in paragraph 193.

194.     Deny the allegations in paragraph 194.

## COUNT VIII
**(Conversion)**
**(Against the County)**

195.     Incorporate by reference all responses to each preceding paragraph as if fully set

forth herein.  For purposes of this Count VIII, Defendant County states that it:

196.     Denies the allegations in paragraph 196.

197.     Denies the allegations in paragraph 197.

198.     Lacks sufficient information to form a belief as to the truth of the allegations in

paragraph 198, and so denies them.

199.     Denies the allegations in paragraph 199.

## COUNT IX
**"(Declaratory Judgment)"**

200.     Deny the allegations in paragraph 200.

201.     Make no response to paragraph 201, as these allegations constitute legal conclusions to

which no response is necessary.  Defendants deny that Plaintiffs' Complaint states a claim

upon which relief may be granted and denies that Plaintiffs are entitled to any of the relief

requested.  To the extent further response is deemed necessary, Defendants deny the

allegations in this paragraph.

202.     Make no response to paragraph 202, as these allegations constitute legal conclusions to

which no response is necessary.  Defendants deny that Plaintiffs' Complaint states a claim

upon which relief may be granted and denies that Plaintiffs are entitled to any of the relief

requested.  To the extent further response is deemed necessary, Defendants deny the

allegations in this paragraph.

203.    Deny the allegations in paragraph 203.

204.    Deny the allegations in paragraph 204.

205.    Deny the allegations in paragraph 205.

## ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES

Defendants St. Louis County, Jon Belmar, Adam Kavanaugh, and Amy Meyer ("Defendants") state as additional responses and affirmative defenses to the First Amended Complaint:

1. Except as expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation of the Complaint, and deny that Plaintiffs are entitled to any of the relief requested therein.

2. Plaintiffs fail to state a claim against Defendants upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Defendants Belmar, Kavanaugh, and Meyer are certified and commissioned police officers employed by the St. Louis County Police Department and certified peace officers pursuant to Section 590.010 et seq., R.S.Mo. 2000, as amended.

4. Defendants Belmar, Kavanaugh, and Meyer have all powers as conferred by law, including the power to detain and the power to arrest as set forth in Section 544.157, R.S.Mo. 2000, as amended.

5. Defendants Kavanaugh and Meyer were privileged under the Fourth Amendment of the United State Constitution to detain and\or arrest Plaintiffs based upon reasonable suspicion and\or probable cause to believe a crime was committed and\or that protective custody was necessary.

6. Defendants Kavanaugh and Meyer had reasonable suspicion and\or probable cause to believe that on or about July 31, 2014 electronic devices at the Leinert residence

contained child pornographic images and videos, all in violation of Missouri state statutes and Federal statutes.

7. Defendants Kavanaugh and Meyer are privileged under the Fourth and Fourteenth Amendments to the United States Constitution to use reasonable force to execute a valid search warrant.

8. Defendants Kavanaugh and Meyer are privileged under the Fourth and Fourteenth Amendments to the United States Constitution to use reasonable force to affect an arrest or detain persons.

9. Defendants Belmar, Kavanaugh and Meyer were acting as public officials serving St. Louis County and acted in a discretionary capacity insofar as any of their actions relate to the subject matter of the Complaint and are therefore immune from liability under the doctrines of qualified and official immunity, and public duty.

10. Sovereign immunity precludes Plaintiffs' actions against Defendant St. Louis County pursuant to Section 537.600, et seq., R.S.Mo. 2000, as amended.

11. Plaintiffs cannot recover punitive damages against Defendants.

12. The search warrant was properly obtained and issued by a state judge.

13. Defendants were entitled by law to seize electronic devices from the Leinert residence.

14. Plaintiffs are not entitled to attorney's fees from Defendants for state law claims.

15. Plaintiffs are estopped from a conversion claim based on the legality of the executed search warrant.

16. Plaintiffs are estopped from a conversion claim based on the presence of child pornographic material.

17. Defendants reserve the right to assert any additional affirmative defenses to the extent they become known during this matter.

WHEREFORE, Defendants St. Louis County, Jon Belmar, Adam Kavanaugh, and Amy Meyer pray this Court dismiss the claims against them, for their costs in this matter, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

PETER J. KRANE,
COUNTY COUNSELOR

*Carl W. Becker*

Carl W. Becker #34851 MO
Assistant County Counselor
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
314.615.7042; 314.615.7029 (direct dial)
314.615.3732 (fax)
cbecker@stlouisco.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record on February 6, 2015:

The Daniel Harvath Law Firm, LLC
Daniel F. Harvath, Esq.
P.O. Box 440393
St. Louis, Missouri 63144
*www.dhlawfirmllc.com*
(314) 550-3717

*Carl W. Becker*

Carl W. Becker