IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY LEINERT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 4:14-cv-01719 - CEJ |
| | ) |
| SAINT LOUIS COUNTY, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## JOINT PROTECTIVE ORDER

The allegations and defenses in this matter (collectively, "the Actions") may put at issue confidential personnel records, medical records, psychiatric records, psychological records, personal financial information, closed police investigative materials, and other personal or confidential information relating to any or all of the parties. Pursuant to Federal Rule of Civil Procedure 26(c), the need to prevent the revelation of this information is good cause for entry of a protective order.

Accordingly, it is ORDERED:

1. All documents, data, interrogatory answers, admissions, depositions, or other discovery materials produced or obtained as a result of discovery in the Actions containing or comprising:

    (a) confidential personnel or personal information of employees, which term is intended to cover former and current employees of St. Louis County, the individual defendants and plaintiffs;

    (b) confidential medical records, financial records, therapy and psychiatric

records and related information of plaintiffs and defendants; and

(c) Names of any suspects, witnesses, or complainants; and

(d) confidential or closed investigative documents;

shall be considered CONFIDENTIAL INFORMATION, subject to this Protective Order if designated by any party as "Confidential" in some manner.

2. In the event, at any stage of the proceedings, any party to the Actions disagrees with designation of any information as CONFIDENTIAL INFORMATION the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally within ten (10) business days after the designating party's receipt of a written notice objecting to such designation (or such later time as the parties may agree), the non-designating party must file an appropriate Motion for Exclusion from Protective Order with the Court requesting that the designated discovery material not be treated as CONFIDENTIAL INFORMATION. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. During the pendency of the Motion for Exclusion from Protective Order, the parties shall treat the information as CONFIDENTIAL INFORMATION. However, if no motion is filed within the required time, the designated information shall be treated as CONFIDENTIAL INFORMATION.

3. The parties to this Protective Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein. CONFIDENTIAL INFORMATION shall be limited to the parties, counsel for the parties, counsel's investigators and legal and clerical assistants, and those categories of persons listed in Paragraph 4 below who are necessary to the prosecution or defense of the Actions.

4. CONFIDENTIAL INFORMATION may be disclosed to the following persons on a need-to-know basis:

  (a) Potential witnesses at deposition or trial, and the witnesses' counsel, if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms;

  (b) The Court, including any agent of the Court and any court reporter used during depositions;

  (c) Any non-retained expert or person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the Actions (or acting as a consulting expert in the Actions) and such person's investigators, and professional and clerical assistants if CONFIDENTIAL INFORMATION is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms; and,

  (d) The Parties and their counsel.

5. Deposition testimony, including video-recorded depositions, shall be deemed confidential.

6. Any and all documents or discovery responses claimed confidential by a party shall be identified as such by stamping or labeling each page of the document or discovery response claimed confidential with the word "Confidential" or, in the case of documents

produced by a third party, by designating in writing the Bates numbers of documents considered confidential.

7. Upon the final disposition of the Actions, whether by dismissal, settlement, judgment or appeal, both parties shall, within sixty (60) days of said final disposition, destroy all CONFIDENTIAL INFORMATION.

8. If a party wishes to use any CONFIDENTIAL INFORMATION in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in these Actions, such papers or transcript may be filed under seal, such filings shall be submitted in sealed envelopes, each of which shall bear the case number of the particular action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under a Protective Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court."

9. Nothing in this Protective Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents which have been requested.

10. The execution of this Protective Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege. Production, receipt or designation of information pursuant to this Protective Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any party that such information is relevant or material to any issue in the Actions.

11. It being understood by the parties to the Actions that certain CONFIDENTIAL INFORMATION may constitute valuable information, this Court may impose appropriate sanctions for any violation of this Protective Order.

12. In the event that a non-designating party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION, it will immediately notify counsel for the other parties. No party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the other parties or an order of a court of competent jurisdiction.

13. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop a party from designating said document or information as CONFIDENTIAL INFORMATION at a later date. Disclosure of said document or information by any Party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

14. This Protective Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

15. Any party may redact the following personal information of any party from any documents, data, etc.: that party's home address, home or cell telephone numbers, and social security number.

IT IS SO ORDERED this 7th day of April, 2015.

_____
Hon. Carol E. Jackson