**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY LEINERT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:14-cv-01719 - CEJ |
| | ) | |
| SAINT LOUIS COUNTY, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**
**BY DEFENDANTS MATTHEW CALLAHAN, MATTHEW CARAVELLA, DANIEL**
**LOTTMAN, SHAWN MCGUIRE, SEAN MURPHY, MATTHEW PLEVIAK, ALIM**
**POINDEXTER, JUSTIN SPARKS, MATTHW STEINMETZ, AND BRIAN WHALEN**

Comes now, Defendants Matthew Callahan, Matthew Caravella, Daniel Lottman, Shawn McGuire, Sean Murphy, Matthew Pleviak, Alim Poindexter, Justin Sparks, Matthew Steinmetz, and Brian Whalen, (collectively, "Defendants") through undersigned counsel, and for said Defendants' answer to Plaintiffs' Second Amended Complaint, state that they:

**"OVERVIEW"**

1.  Deny the allegations contained in paragraph 1.

2.  Deny the allegations contained in paragraph 2.

3.  Deny the allegations contained in paragraph 3.

4.  Deny the allegations contained in paragraph 4.  Further answering, on or about July 31, 2014, a properly obtained search warrant was properly executed.

5.  Deny the allegations contained in paragraph 5.

6.  Deny the allegations contained in paragraph 6.

**"THE PARTIES"**

1

7.  Admit, upon information and belief, Plaintiff Kelly Leinert is approximately 52 years old, and is approximately 4'11" tall.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 7, and so deny them.

8.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and so deny them.

9.  Admit, upon information and belief, that Plaintiff G.L. is approximately 5'8" tall and weighs approximately 120 pounds.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9, and so deny them.

10.  Admit, upon information and belief, that Plaintiff J.L. is approximately 4'11" tall and weighs approximately 80 pounds.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10, and so deny them.

11.  Admit the allegations in paragraph 11.

12.  Admit the allegations in paragraph 12.

13.  Assert that paragraph 13 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

14.  Assert that the first sentence of paragraph 14 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, denies same.  Admit the second sentence of paragraph 14.

15.  Assert that paragraph 15 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

16.  Deny the allegations in paragraph 16.

17.  Assert that the first sentence of paragraph 17 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.  Admit the second sentence of paragraph 17.

18.  Admit that Defendant Meyer was the lead detective regarding the investigation and search warrant execution, and acted in the scope and course of her employment with the St. Louis County Police Department and St. Louis County, deny all remaining allegations.

19.  Assert that the first sentence of paragraph 19 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.  Admit the second sentence of paragraph 19.

20. Deny the allegations in the first sentence of paragraph 20.  Assert that the second sentence of paragraph 20 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

21.  Deny the allegations in the first sentence of paragraph 21.  Assert that the second sentence of paragraph 21 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

22.  Admit the allegations in paragraph 22.

## **"JURISDICTION AND VENUE"**

23.  Assert that paragraph 23 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

24.  Assert that paragraph 24 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

25.  Assert that the first sentence of paragraph 25 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.  Lack sufficient information to form a belief as to the truth of the second sentence in paragraph 25, and so deny same.

### "ALLEGATIONS COMMON TO ALL CLAIMS"

26.  Upon information and belief, admit that Defendant Kavanaugh provided Defendant Meyer with information involving the crime of Promotion of Child Pornography on July 28, 2014, and upon information and belief admit Defendant Kavanaugh received said information from the St. Louis Police Department, deny all remaining allegations in paragraph 26.

27.  Upon information and belief, admit that Defendant Kavanaugh provided Defendant Meyer with information involving the crime of Promotion of Child Pornography on July 28, 2014, and admit Defendant Kavanaugh received said information from the St. Louis Police Department, deny all remaining allegations in paragraph 26.

28.  Upon information and belief, admit that certain documents revealed child pornographic materials were downloaded at Plaintiff Kelly Leinert's residence and that the St. Louis Police Department provided said documents to Defendant Kavanaugh, deny the remaining allegations in paragraph 28.

29.  Upon information and belief, admit that certain documents which revealed that child pornographic materials were downloaded at Plaintiff Kelly Leinert's residence and that the St. Louis Police Department conducted said investigation, in part, on or about January 10, 2014, and that said documents were provided to Defendant Kavanaugh. Upon information and belief, admit the IP address that child pornographic material

was downloaded through was an account assigned to Plaintiff Kelly Leinert.  Deny all
remaining allegations in paragraph 29.

30.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 30, and so deny them.

31.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 31, and so deny them.

32.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 32, and so deny them.

33.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 33, and so deny them.

34.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 34, and so deny them.

35.  Lack sufficient knowledge or information to form a belief as to the truth of the
allegations in paragraph 35, and so deny them.

36.  Upon information and belief, admit that prior to applying for a search warrant,
Defendant Meyer, *inter alia*, reviewed documents from the St. Louis Police
Department, determined the name of the person paying the utility bill, and conducted
a "drive-by" of Plaintiffs' residence.  Deny all remaining allegations in paragraph 36.

37.  Admit Defendant Meyer properly obtained a valid search warrant signed by Judge
Joseph S. Dueker on July 30, 2014, deny all remaining allegations in paragraph 37.

38.  Deny the allegations in paragraph 38.

39.  Deny the allegations in paragraph 39.

**A.  "St. Louis County's Facially Unconstitutional, Express Policy of Employing Its
SWAT Team to Execute "All" Search Warrants"**

40. Admit that SAC Exhibit 1 purports to be a print out of a portion of Defendant St. Louis County's website, and that said exhibit makes references to the St. Louis County Police Department's Tactical Operations Unit, and that said document speaks for itself. Defendants deny all remaining allegations in paragraph 40.

41. Admit that SAC Exhibit 1 speaks for itself, deny all remaining allegations in paragraph 41.

42. Assert that paragraph 42 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

43. Assert that paragraph 43 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

44. Assert that paragraph 44 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

45. Assert that paragraph 45 calls for a legal conclusion not requiring a responsive pleading; and to the extent a responsive pleading may be required, deny same.

**B. "St. Louis County's Unconstitutional Custom and Practice of Using Excessive Levels of Force to Serve Search Warrants"**

46. Deny the allegations in paragraph 46.

47. Deny the allegations in paragraph 47, including its subparts.

48. Deny the allegations in paragraph 48.

49. Deny the allegations in paragraph 49.

**C. "Defendants' Failure to Adequately Investigate the Premises Prior To The Raid"**

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52.  Admit the allegations in paragraph 52.

53.  Admit that SAC – Exhibit 3, purportedly the Incident Report, lists a date of January 10, 2014 under the section "Occurrence Details," deny all remaining allegations in paragraph 53.

54.  Admit that January 10, 2014 is approximately eight months prior to the date of the search warrant execution, July 31, 2014, deny all remaining allegations in paragraph 54.

55.  Admit the warrant and incident report does not name any persons who were, or may have been, inside the subject residence, deny all remaining allegations in paragraph 55.

56.  Admit that SAC Exhibit 1 speaks for itself, deny all remaining allegations in paragraph 56.

57.  Deny the allegations in paragraph 57.

58.  Deny the allegations in paragraph 58.

59.  Lack sufficient knowledge or information to form a belief as to the allegations in paragraph 59, therefore deny same.

**"D. Defendants Mass Their Forces in Preparation for the Raid"**

60.  Admit that in preparing for the proper execution of the valid search warrant, at approximately 7 p.m. on July 31, 2014, St. Louis County Police Officers gathered in a parking lot at or near the Webster Groves Recreation Complex, deny all remaining allegations in paragraph 60.

61.  Admit at least fifteen officers were present, deny all remaining allegations in paragraph 61.

62.  Admit that all officers were appropriately dressed, armed and supplied to execute a valid search warrant.  Admit some officers wore body armor, boots, gloves, fatigues, protective helmets with visors, and carried various appropriate weapons.  Deny all remaining allegations in paragraph 62.

63.  Deny the allegations in paragraph 63, as Defendants lack sufficient knowledge or information regarding the term "militarized officers" and the lack of an alleged time reference and location.

64.  Deny the allegations in paragraph 64.

65.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65, and so deny them.

66.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66, and so deny them.

67.  Admit that in preparing for the proper execution of the valid search warrant, at approximately 7:30-7:45 p.m. on July 31, 2014, police officers gathered, and some of those officers were transported by a black van, deny all remaining allegations in paragraph 67.

68.  Deny the presence or use of an "APC," admit a black van was used, admit remaining allegations in paragraph 68.

**"E.  Defendants' Storming and Ransacking of the Leinert Residence"**

69.  Admit that at approximately 8 p.m. on July 31, 2014, police officers parked a black van several houses from the Leinert residence, deny all remaining allegations in paragraph 69.

70.  Deny the allegations in paragraph 70.

71.  Deny the allegations in paragraph 71.

72.  Deny the allegations in paragraph 72.

73.  Deny the allegations in paragraph 73.

74.  Deny the allegations in paragraph 74.

75.  Deny the allegations in paragraph 75.

76.  Admit that Tactical Operations officers were at the front of the Leinert residence, deny all remaining allegations in paragraph 76.

77.  Deny the allegations in paragraph 77.

78.  Deny that a door was kicked in, lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 78, and so deny them.

79.  Deny that an announcement was not made, deny forcible entry, lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 79, and so deny them.

80.  Deny the allegations in paragraph 80.

81.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81, and so deny them.

82.  Deny the allegations in paragraph 82.

83.  Deny the allegations in paragraph 83.

84.  Deny the allegations in paragraph 84.

85.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85, and so deny them.

86.  Deny the allegations in paragraph 86.

87.  Admit that G.L. was approached by at least one officer, deny all remaining allegations in paragraph 87.

88.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88, and so deny them.

89.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89, and so deny them.

90.  Deny the allegations in paragraph 90.

91.  Deny the allegations in paragraph 91.

92.  Deny the allegations in paragraph 92.

93.  Deny the allegations in paragraph 93.

94.  Admit that Plaintiff G.L. and Plaintiff J.L. were not read Miranda rights, deny all remaining allegations in paragraph 94.

95.  Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95, and so deny them.

96.  Deny the allegations in paragraph 96.

97.  Deny the allegations in paragraph 97.

98.  Deny the allegations in paragraph 98.

**"F. The SWAT Teams' (sic) Inconspicuous Exit From the Residence"**

99.  Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

103.    Deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104.

105.    Lack sufficient knowledge or information to form a belief as to the truth of the

allegations in paragraph 105, and so deny them.

106.    Deny the allegations in paragraph 106.

107.    Admit there was no sign at all that the SWAT Team had been at the Leinert

residence, lack sufficient knowledge or information to form a belief as to the truth of

the remaining allegations in paragraph 107, and so deny them.

### "G. The Continuation of the Leinert Family's Ordeal"

108.    Admit that the boys were detained in the living room, lack sufficient knowledge

or information to form a belief as to the remaining allegations in paragraph 108,

therefore deny.

109.    Admit Defendants searched the house for the presence of people, deny all

remaining allegations in paragraph 109.

110.    Admit Defendant Pleviak monitored the boys by speaking with them in the living

room, deny all remaining allegations in paragraph 110.

111.    Admit Defendant Pleviak monitored the boys by speaking with them in the living

room, lack sufficient knowledge or information to form a belief as to the remaining

allegations in paragraph 111, therefore deny same.

112.    Lack sufficient knowledge or information to form a belief as to the allegations in

paragraph 112, therefore deny same.

113.    Admit Defendant Meyer was in the living room at certain points during the

execution of the valid search warrant, lack sufficient knowledge or information to

form a belief as to the remaining allegations in paragraph 113, therefore deny same.

11

114.    Lack sufficient knowledge or information to form a belief as to the allegations in paragraph 114, therefore deny same.

115.    Lack sufficient knowledge or information to form a belief as to the allegations in paragraph 115, therefore deny same.

116.    Lack sufficient knowledge or information to form a belief as to the allegations in paragraph 116, therefore deny same.

117.    Lack sufficient knowledge or information to form a belief as to the allegations in paragraph 117, therefore deny same.

118.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118, and so deny them.

119.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119, and so deny them.

120.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120, and so deny them.

121.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121, and so deny them.

122.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122, and so deny them.

123.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123, and so deny them.

124.    Admit there was no sign at all that the SWAT Team had been at the Leinert residence, lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 124, and so deny them.

125.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125, and so deny them.

126.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126, and so deny them.

127.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127, and so deny them.

128.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128, and so deny them.

129.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129, and so deny them.

130.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 130, and so deny them.

131.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131, and so deny them.

132.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 132, and so deny them.

133.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 133, and so deny them.

134.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 134, and so deny them.

135.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 135, and so deny them.

136.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 136, and so deny them.

137.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 137, and so deny them.

138.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138, and so deny them.

**"H. The Tragic Aftermath of Defendants' Improper Conduct"**

139.    Deny the allegations in paragraph 139.

140.    Deny the allegations in paragraph 140.

141.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141, and so deny them.

142.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142, and so deny them.

143.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 143, and so deny them.

144.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 144, and so deny them.

145.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 145, and so deny them.

146.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 146, and so deny them.

147.    Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 147, and so deny them.

148.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148, and so deny them.

149.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 149, and so deny them.

150.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150, and so deny them.

151.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 151, and so deny them.

152.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 152, and so deny them.

153.     Lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 153, and so deny them.

154.     Deny the allegations in paragraph 154.

155.     Deny the allegations in paragraph 155.

## <u>COUNT I</u>
**"(Violation of the Fourth and Fifth Amendments of the Constitution; Deprivation of Civil Rights, 42 U.S.C. Sec. 1983) (Against All Defendants)"**

156.     Incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

157.     Deny the allegations in paragraph 157.

158.     Deny the allegations in paragraph 158, including its subparts.

159.     Deny the allegations in paragraph 159.

160.     Deny the allegations in paragraph 160, including its subparts.

161.     Deny the allegations in paragraph 161, including its subparts.

162.    Deny the allegations in paragraph 162.

163.    Deny the allegations in paragraph 163.

## COUNT II
### "(Failure to Competently Hire, Train, Supervise and\or Discipline – 42 U.S.C. Sec. 1983) (Against the County, Jon Belmar, and Adam Kavanaugh)"

164.    For purposes of this Count II, Defendants are not named, and are therefore not required to respond. To the extent any response is necessary, Defendants incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

165.    Defendants are not named in Count II, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 165.

166.    Defendants are not named in Count II, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 166.

167.    Defendants are not named in Count II, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 167.

168.    Defendants are not named in Count II, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 168.

## COUNT III
### "(*Monell* Claim for Having Policies That Encourage Excessive Use of Force and Unreasonable Search and Seizure Practices in Violation of the Fourth Amendment – 42 U.S.C. Sec. 1983) (Against the County, Jon Belmar, and Adam Kavanaugh)"

169. For purposes of this Count III, Defendants are not named, and are therefore not required to respond. To the extent any response is necessary, Defendants incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

170. Defendants are not named in Count III, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 170, and all its subparts.

171. Defendants are not named in Count III, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 171.

172. Defendants are not named in Count III, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 172.

173. Defendants are not named in Count III, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 173.

174. Defendants are not named in Count III, and are therefore not required to respond. To the extent any response is necessary, Defendants deny the allegations in paragraph 174.

## COUNT IV
**"(Intentional Infliction of Emotional Distress Under Missouri State Law)
(Against Meyer, Kavanaugh, the Other Police Personnel and\or the SWAT Team)"**

175. Incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

176.    Deny the allegations in paragraph 176.

177.    Deny the allegations in paragraph 177.

178.    Deny the allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

180.    Deny the allegations in paragraph 180.

## COUNT V
### "(Negligent Infliction of Emotional Distress Under Missouri State Law)
### (Against Meyer, Kavanaugh and the Other Police Personnel and/or SWAT Team)"

181.    Incorporate by reference all responses to the Second Amended Complaint as if

fully set forth herein.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

## COUNT VI
### "(Assault and Battery Under Missouri State Law)
### (Against Kavanaugh and Other Police Personnel And the SWAT Team)"

184.    Incorporate by reference all responses to the Second Amended Complaint as if

fully set forth herein.

185.    Deny the allegations in paragraph 185.

186.    Deny the allegations in paragraph 186.

187.    Deny the allegations in paragraph 187.

188.    Deny the allegations in paragraph 188.

189.    Deny the allegations in paragraph 189.

190.    Deny the allegations in paragraph 190.

191.    Deny the allegations in paragraph 191.

## COUNT VII

### "(False Imprisonment Under Missouri Law)
### (Against Meyer, Kavanaugh, Other Police Personell (sic) And the SWAT Team)"

192.    Incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

193.    Deny the allegations in paragraph 193.

194.    Deny the allegations in paragraph 194.

### COUNT VIII
### "(Conversion)
### (Against the County)"

195.    For purposes of this Count VIII, Defendants are not named, and are therefore not required to respond.  To the extent any response is necessary, Defendants incorporate by reference all responses to the Second Amended Complaint as if fully set forth herein.

196.    Defendants are not named in Count VIII, and are therefore not required to respond.  To the extent any response is necessary, Defendants deny the allegations in paragraph 196.

197.    Defendants are not named in Count VIII, and are therefore not required to respond.  To the extent any response is necessary, Defendants deny the allegations in paragraph 197.

198.    Defendants are not named in Count VIII, and are therefore not required to respond.  To the extent any response is necessary, Defendants deny the allegations in paragraph 198.

199.   Defendants are not named in Count VIII, and are therefore not required to respond.  To the extent any response is necessary, Defendants deny the allegations in paragraph 199.

**COUNT IX**
**"(Declaratory Judgment)"**

200.   Deny the allegations in paragraph 200.

201.   Make no response to paragraph 201, as these allegations constitute legal conclusions to which no response is necessary.  Defendants deny that Plaintiffs' Complaint states a claim upon which relief may be granted and denies that Plaintiffs are entitled to any of the relief requested.  To the extent further response is deemed necessary, Defendants deny the allegations in this paragraph.

202.   Make no response to paragraph 202, as these allegations constitute legal conclusions to which no response is necessary.  Defendants deny that Plaintiffs' Complaint states a claim upon which relief may be granted and denies that Plaintiffs are entitled to any of the relief requested.  To the extent further response is deemed necessary, Defendants deny the allegations in this paragraph.

203.   Deny the allegations in paragraph 203.

204.   Deny the allegations in paragraph 204.

205.   Deny the allegations in paragraph 205.

**ADDITIONAL RESPONSES AND AFFIRMATIVE DEFENSES**

Defendants state as additional responses and affirmative defenses to the Second Amended Complaint:

1. Except as expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation of the Complaint, and deny that Plaintiffs are entitled to any of the relief requested therein.

2. Plaintiffs fail to state a claim against Defendants upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Defendants are certified and commissioned police officers employed by the St. Louis County Police Department and certified peace officers pursuant to Section 590.010 et seq., R.S.Mo. 2000, as amended.

4. Defendants have all powers as conferred by law, including the power to detain and the power to arrest as set forth in Section 544.157, R.S.Mo. 2000, as amended.

5. Defendants were privileged under the Fourth Amendment of the United State Constitution to detain and\or arrest Plaintiffs based upon reasonable suspicion and\or probable cause to believe a crime was committed and\or that protective custody was necessary.

6. Defendants had reasonable suspicion and\or probable cause to believe that on or about July 31, 2014 electronic devices at the Leinert residence contained child pornographic images and videos, all in violation of Missouri state statutes and Federal statutes.

7. Defendants are privileged under the Fourth and Fourteenth Amendments to the United States Constitution to use reasonable force to execute a valid search warrant.

8. Defendants are privileged under the Fourth and Fourteenth Amendments to the United States Constitution to use reasonable force to affect an arrest or detain persons.

9.   Defendants were acting as public officials serving St. Louis County and acted in a discretionary capacity insofar as any of their actions relate to the subject matter of the Complaint and are therefore immune from liability under the doctrines of qualified and official immunity, and public duty.

10.  Plaintiffs cannot recover punitive damages against Defendants.

11.  The search warrant was properly obtained and issued by a state judge.

12.  Plaintiffs are not entitled to attorneys' fees from Defendants for state law claims.

13.  Defendants reserve the right to assert any additional affirmative defenses to the extent they become known during this matter.

WHEREFORE, Defendants Matthew Callahan, Matthew Caravella, Daniel Lottman, Shawn McGuire, Sean Murphy, Matthew Pleviak, Alim Poindexter, Justin Sparks, Matthew Steinmetz, and Brian Whalen pray this Court dismiss the claims against them, for their costs in this matter, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

PETER J. KRANE,
COUNTY COUNSELOR

*Carl W. Becker*

Carl W. Becker #34851 MO
Assistant County Counselor
41 S. Central Avenue, 9th Floor
Clayton, MO 63105
314.615.7042; 314.615.7029 (direct dial)
314.615.3732 (fax)
cbecker@stlouisco.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served electronically via this Court's Electronic Filing System to all counsel of record on September 21, 2015:

Newton Wright, L.L.P.
Brandy B. Barth, Esq.
7515 Delmar Blvd.
St. Louis, Missouri 63130
bbarth@newtonwrightlaw.com
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
*Lead Counsel for Plaintiffs*

The Daniel Harvath Law Firm, LLC          Newton Wright, L.L.P.
Daniel F. Harvath, Esq.                   Talmage E. Newton IV, Esq.
P.O. Box 440393                           7515 Delmar Blvd.
St. Louis, Missouri 63144                 St. Louis, Missouri 63130
*www.dhlawfirmllc.com*                    tnewton@newtonwrightlaw.com
(314) 550-3717                            (314) 272-4490 – Telephone
*Co-Counsel for Plaintiffs*               (314) 762-6710 – Facsimile
                                          *Co-Counsel for Plaintiffs*


*Carl W. Becker*
Carl W. Becker