UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY LEINERT, et al., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:14-CV-1719 (CEJ) |
| SAINT LOUIS COUNTY, MISSOURI, et al., | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' motion for a stay of proceedings, or, in the alternative, for an order directing the defendants to show cause why they should not be sanctioned for abusive behavior and improper litigation tactics. Defendants St. Louis County and Adam Kavanaugh have responded in opposition, and the issues are fully briefed.

The plaintiffs in this case, Kelly Leinert and her minor children, filed this action on October 8, 2014, asserting violations of their civil rights and state law tort claims stemming from alleged misconduct by St. Louis County police officers. In the instant motion, plaintiffs state that on November 5, 2015, defendant Adam Kavanaugh, a St. Louis County police officer, led a SWAT raid of their home during which their electronic devices were confiscated. Plaintiffs contend that the raid was designed to intimidate them and was conducted in retaliation for filing this lawsuit. They further allege that Kavanaugh may have been conducting electronic surveillance of plaintiff Kelly Leinert and, as a result, may have intercepted privileged attorney-client communications. Plaintiffs seek an order directing the defendants to provide more information about

the raid and a stay of proceedings so that they may determine whether the defendants' conduct warrants a request for sanctions.

In response to the motion, defendants St. Louis County and Kavanaugh state that a search warrant was executed at plaintiffs' home on November 4, 2015. The purpose of the warrant was to search for child pornography that was believed to be in the possession of a convicted felon who was living with the plaintiffs. The defendants deny that the search was conducted to retaliate against the plaintiffs or to intimidate them. Further, Kavanaugh states that he did not participate in the execution of the search warrant and did not intercept or review any communications or documents between plaintiffs and their legal counsel.

"[D]istrict courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." Ryan v. Gonzales, 133 S. Ct. 696, 708 (2013) (quoting Rhines v. Weber, 544 U.S. 269, 276 (2005)); see also Enelow v. New York Life Ins. Co., 293 U.S. 379, 382 (1935) (explaining that a district court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"). "[I]n considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." Krakowski v. Am. Airlines, Inc., 927 F. Supp. 2d 769, 774 (E.D. Mo. 2013). The proponent of a stay has the burden of establishing its need. Clinton v. Jones, 520 U.S. 681, 708 (1997).

Plaintiffs have not met their burden of establishing any need for a stay in proceedings. Plaintiffs have not identified how they are prejudiced as a result of the events alleged or what hardship they face in litigating this case under the deadlines set forth in the case management order. Similarly, plaintiffs have not provided a

2

sufficient factual or legal basis for the imposition of sanctions on the defendants. E.g., Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764–65 (1980) (stating that the power of a federal court to levy sanctions "must be exercised with restraint and discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a stay of proceedings, or, alternatively, for an order to show cause [Doc. #43] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2016.